IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRISHA YORK, a Washington resident, | NO. |
| Plaintiff, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| vs. | |
| HR ACQUISITION I CORPORATION, a foreign corporation | JURY DEMAND |
| Defendant. | |

COMES NOW, Plaintiff, Trisha York, by and through her attorneys Washington Civil & Disability Advocate for her Complaint for Declaratory and Injunctive Relief to state and allege as follows:

## I. INTRODUCTION

1. The Americans with Disabilities Act (the "ADA") and the Washington Law Against Discrimination ("WLAD") require places of public accommodation to be accessible to people with disabilities.

2. A professional office of a health care provider is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its implementing regulation, 28 C.F.R. § 36.104.

Complaint for Declaratory and Injunctive Relief

Page 1 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

3. ADA accessibility laws and regulations were enacted into law in 1990, nearly 30 years ago, to protect civil rights of persons with mobility and other disabilities.

4. Defendant discriminates against individuals with disabilities because Defendant operates a property as a place of public accommodation that does not comply with ADA laws and regulations or the WLAD, and thus Plaintiff brings this action to end the civil rights violations at a place of public accommodation by Defendant against persons with mobility disabilities.

## II. PARTIES

5. Plaintiff Trisha York is a Washington resident and resides in this district.

6. Ms. York is limited in the major life activity of walking and uses a wheelchair for transportation. Ms. York requires ADA compliant accessible parking in order to patronize the medical offices at Defendant's property at or around 21616 76th Ave W, in Edmonds, WA (the "Property").

7. Defendant HR Acquisition I Corporation is a foreign corporation owning and operating the Property.

8. Corporation Service Company, at 300 Deschutes Way SW Ste 304, in Tumwater, WA, is the registered agent for HR Acquisition I Corporation.

## III. JURISDICTION AND VENUE

9. This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

10. This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

Complaint for Declaratory and Injunctive Relief

Page 2 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

11. This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

12. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that gave rise to Plaintiff's Complaint for Injunctive Relief and Damages occur in this district and Defendant's Property lies within this district.

## IV. FACTUAL ALLEGATIONS

13. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability," and prohibits places of public accommodation from providing separate or unequal benefits and services to individuals with disabilities.

14. Defendant's property is one example of countless places of public accommodation that are difficult or dangerous to access due to substantial and numerous compliance issues with the ADA, despite decades of notice to property owners.

15. The findings and purpose section of the original ADA, 42 U.S.C. § 12101, states that, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, [and] the discriminatory effects of architectural, transportation, and communication barriers…."

16. Thus, Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

Complaint for Declaratory and Injunctive Relief

Page 3 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

Plaintiff

17. Ms. York is a Seattle, Washington resident who lives near Defendant's property and travels throughout the Seattle area on a regular basis. Plaintiff most recently patronized Defendant's Property in October, 2019.

18. Ms. York is limited in the major life activity of walking and requires the use of a wheelchair for mobility and is thus a person with a disability within the meaning of Title III of the ADA and the WLAD.

19. Ms. York will return to the Property once accessibility barriers are addressed.

Defendant's Property

20. Ms. York used her wheelchair, albeit at personal risk due to existing accessibility barriers, to visit the Property.

21. Ms. York does not feel safe accessing the property as-is due to the current accessibility barriers.

22. Defendant's Property does not comply with the ADA's accessibility laws and regulations under the 1991 ADA Standards for Accessible Design ("1991 Standards") and the 2010 ADA Standards for Accessible Design ("2010 Standards").

23. At Defendant's parking lot at the Property, there are at least 201 parking spaces.

24. Thus under the 2010 Standards the Property must have at least seven (7) accessible parking spaces (§ 208.2) and at least two (2) accessible parking spaces must be "van-accessible" parking spaces. § 208.2 of the 2010 Standards and § 4.1.2 of the 1991 Standards.

25. Some or all of the accessible parking spots at the Property do not meet either the 1991 Standards or the 2010 Standards.

26. Slope of accessible parking spaces must be no greater than 1:48 (approximately

Complaint for Declaratory and Injunctive Relief

Page 4 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  2%) in any direction and must adjoin the accessible route.  §§ 502.3-502.4 of the 2010 Standards
2  and § 4.3.6 of the 1991 Standards.

3       27.     Some or all of the current accessible parking spaces exceed a 1:48 slope within
4  the space and adjoining access aisle, if an adjoining access aisle is present.

5       28.     Accessible parking spaces must be identified with signage at least 60 inches
6  above the ground.  § 502.6 of the 2010 Standards and § 4.6.4 of the 1991 Standards (Signage
7  must be high enough it "cannot be obscured by a vehicle parked in the space.").

8       29.     There is no signage for the vast majority of accessible parking spaces at the
9  Property.  Where signage is present it is too low to the ground.

10      30.     Van accessible parking spaces shall be 132 inches wide and served by an access
11  aisle of 60 inches, or 96 inches wide and served by an access aisle of 96 inches. § 502.2 of the
12  2010 Standards and §§ 4.1.2(5)(b) and 4.3.6 of the 1991 Standards.

13      31.     Regular accessible spaces shall be at least 96 inches wide and served by an access
14  aisle at least 60 inches wide.  § 502.3 of the 2010 Standards and §§ 4.1.2(5)(a) and 4.3.6 of the
15  1991 Standards.

16      32.     Access aisles must be marked so as to discourage parking and adjoin the
17  accessible route.  §§ 502.3 and 502.3.3 of the 2010 Standards.

18      33.     Some or all of the accessible parking spaces and adjoining access aisles at the
19  Property are not properly sized and marked, and many accessible spaces have no access aisle
20  present at all.

21      34.     On the front (eastern) side of the building, the six parking spaces that have ground
22  markings suggesting they may be accessible parking spaces do not have compliant slope or
23  width, with only one access aisle present for six spaces.

35. On the rear (western) side of the building, the four to six parking spaces that have ground markings suggesting they may be accessible parking spaces do not have sufficient width or compliant access aisles, and some have ground slope in excess of ADA standards.

36. Accessible routes must connect the accessible parking to the main entrance. Curb ramps must have a slope no greater than 1:12. §§ 406.1 and 406.2 of the 2010 Standards.

37. The ramp from the parking lot to the front (eastern) door at Defendant's property exceeds a slope of 1:12.

38. Ms. York requires compliant accessible parking and compliant accessible routes in order to safely patronize Defendant's property using her wheelchair.

39. Defendant's property is not safe and is not welcoming for people who use wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

40. The failure of HR Acquisition I Corporation to make the property comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access to and enjoyment of the Property.

## V.    FIRST CAUSE OF ACTION
### Title III of the Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101 *et seq.*

41. Ms. York incorporates by reference the allegations in the paragraphs above.

42. Ms. York is limited in the major life activity of walking and is thus an individual with a disability within the meaning of Title III of the ADA.

43. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §

Complaint for Declaratory and Injunctive Relief

Page 6 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

12182(a).

44. Defendant HR Acquisition I Corporation owns the property where the Medical Plaza building and parking lot are located.

45. The Medical Plaza location is a health care provider office or other service establishment and therefore a place of public accommodation. 42 U.S.C. § 12181(7).

46. Defendant has discriminated against Plaintiff on the basis of her disability.

47. Defendant's discriminatory conduct includes but is not limited to:

    a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

    b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

    c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

    d. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

    e. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

48. As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages,

Complaint for Declaratory and Injunctive Relief

Page 7 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  accommodations and/or opportunities at Defendant's property in violation of Title III of the
2  Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

3  49.  Defendant's discriminatory conduct as has harmed Ms. York, and the harm
4  continues.

5  50.  Defendant's discriminatory conduct entitles Ms. York to declaratory and
6  injunctive relief. 42 U.S.C. § 12188.

7  51.  Defendant's discriminatory conduct entitles Ms. York to recover reasonable
8  attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

### VI.  SECOND CAUSE OF ACTION
### Violation of the Washington Law Against Discrimination
### (R.C.W. §§ 49.60.010 et seq.)

11  52.  Ms. York incorporates by reference the allegations in the paragraphs above.

12  53.  Ms. York is an individual with a disability within the meaning of the Washington
13  Law Against Discrimination.

14  54.  Under § 49.60.030(1) of the Revised Code of Washington provides in pertinent
15  part: "The right to be free from discrimination because of . . . the presence of any sensory,
16  mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall
17  include, but not be limited to: . . . (b) The right to the full enjoyment of any of the
18  accommodations, advantages, facilities, or privileges of any place of public resort,
19  accommodation, assemblage, or amusement . . ."

20  55.  Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the
21  Revised Code of Washington by violating multiple accessibility requirements under the ADA.

22  56.  Defendant's actions constitute discrimination against persons with disabilities and
23  violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010

Complaint for Declaratory and Injunctive Relief

Page 8 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

et seq., in that persons with mobility disabilities have been and are still denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

57. As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint, Ms. York has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to correctly remediate the Property.

58. Defendant's discriminatory conduct as alleged in this Complaint has denied Ms. York the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

59. Ms. York has a clear legal right to access the businesses located at Defendant's Property under the Washington Law Against Discrimination.

60. Ms. York has the right for Defendant's property to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

61. Defendant's property does not comply with ADA accessibility laws and regulations, including the 1991 Standards and the 2010 Standards.

62. Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

63. Pursuant to RCW § 49.60.030(2), Ms. York is entitled to declaratory and injunctive relief and to recover from Defendant her reasonable attorneys' fees and costs incurred in bringing this action.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Ms. York respectfully requests that this Court:

Complaint for Declaratory and Injunctive Relief

Page 9 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1. Assume jurisdiction over this action;

2. Find and declare Defendant HR Acquisition I Corporation to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's Property does not comply with the ADA's accessibility laws and regulations;

3. Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Defendant's property into compliance with the ADA's accessibility laws and regulations;

4. Award Ms. York reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code§ 49.60.030(2);

5. Award actual, compensatory, and/or statutory damages to Ms. York for violations of her civil rights as allowed under state and federal law;

6. Award such additional or alternative relief as may be just, proper, and equitable.

DATED THIS 30th day of December, 2019

By:

*s/ Conrad Reynoldson*
Conrad Reynoldson
WSBA# 48187
conrad@wacda.com
(206) 876-8515

*s/ Michael Terasaki*
Michael Terasaki
WSBA# 51923
terasaki@wacda.com
(206) 971-1124

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 ROOSEVELT WAY NE, SUITE B, SEATTLE, WA 98105
*Attorneys for Plaintiff Trisha York*

Complaint for Declaratory and Injunctive Relief

Page 10 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558